1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   ROBERT H. PHILIBOSIAN, Cal. Bar No. 41515
3  LAUREN D. THIBODEAUX, Cal. Bar No. 239997
   MARLENE M. NICOLAS, Cal Bar No. 245298
4  rphilibosian@sheppardmullin.com
   lthibodeaux@sheppardmullin.com
5  mnicolas@sheppardmullin.com
   333 South Hope Street, 43rd Floor
6  Los Angeles, California  90071-1422
   Telephone:  213-620-1780
7  Facsimile:   213-620-1398
8
9  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
10    Including Professional Corporations
   RONDA D. JAMGOTCHIAN, Cal. Bar No. 200236
11 rjamgotchian@sheppardmullin.com
   1901 Avenue of the Stars, 16th Floor
12 Los Angeles, California  90067
   Telephone:  310-228-3700
13 Facsimile:   310-228-3701
14 Attorneys for Defendant COUNTY OF LOS ANGELES
15
16              UNITED STATES DISTRICT COURT
17            CENTRAL DISTRICT OF CALIFORNIA
18 JOSE OBANDO,                          Case No. 2:11-cv-8532-CAS-FFMx
19              Plaintiff,               *The Hon. Christina A. Snyder*
20     v.                                [~~PROPOSED~~] JOINT STIPULATED
                                         PROTECTIVE ORDER
21 COUNTY OF LOS ANGELES, a
   California Municipality,              **Note Changes Made By Court**
22
                Defendant.
23
24
25
26
27
28

1    Plaintiff Jose Obando ("Plaintiff") and on the one hand, and Defendant
2   County of Los Angeles, on the other hand ("Defendant"), by and through their
3   respective counsel, hereby stipulate to the following protective order, which shall be
4   effective immediately upon signature by both parties:
5
6       1.      PURPOSES AND LIMITATIONS
7            Disclosure and discovery activity in this action will likely involve
8   production of confidential, sensitive, proprietary, or private information for which
9   special protection from public disclosure and from use for any purpose other than
10  litigating this matter would be warranted.  It is the parties' intention that these
11  documents not be disclosed to any person, including Plaintiff in this action.
12  Accordingly, the parties hereby stipulate to and petition the Court to enter the
13  following Stipulated Protective Order.
14
15      2.      DEFINITIONS
16           2.1    Party:  Defendant to this action, including all of its officers,
17  directors, employees, consultants, retained experts, and outside counsel (and their
18  support staff) and Plaintiff's counsel, Plaintiff's counsel's employees, consultants,
19  and retained experts, provided they expressly agree to abide by the terms of this
20  protective order by signing an "Agreement to be Bound by Protective Order"
21  (Exhibit A) and, in so doing, agree not to disclose Protected Material (as defined
22  below) to any other person or entity, including Plaintiff.
23
24           2.2    Disclosure or Discovery Material:  all items or information,
25  regardless of the medium or manner generated, stored, or maintained (including,
26  among other things, documents, electronic data, testimony, transcripts, or tangible
27  things) that are produced or generated in disclosures or responses to discovery in
28  this matter.

2.3     <u>Confidential Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that (a) reveal confidential, sensitive, and/or proprietary information regarding Defendant which disclose to another non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means; or (b) reveal personal and/or confidential information about Plaintiff or any third party, including such types of information as are protected by the California constitutional right of privacy.

2.4     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information or Items.

2.7     <u>Privileged Material</u>: all items or information, or portions of items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, testimony, transcripts, or tangible things, that are subject the attorney-client privilege and/or the attorney work product doctrine.

2.8     <u>Protected Material</u>:  any Disclosure or Discovery Material that constitutes Confidential Information or Items.  As set forth in Paragraph 5.2, the documents, information, items or materials that are subject to the protective order shall be affixed with a label that describes the protected content in a meaningful

fashion—i.e., "CONFIDENTIAL - compensation plans," or " CONFIDENTIAL - training material."

2.9     <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their internal support staffs).

2.10    <u>House Counsel</u>:  attorneys who are employees of a Party (as well as their internal support staffs).

2.11    <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staffs).

2.12    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      <u>SCOPE</u>

The protections conferred by this Stipulation and Order extend not only to Protected Material (as defined above), and Confidential Information or Items, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus **deposition** testimony, conversations, or

1  ~~presentations by parties or counsel to or in court or in other settings that might~~
2  ~~reveal~~ **that contains** Protected Material, and Confidential Information or Items.
3  **(FFM)**

4

5  All Court orders will be presumptively available to the public.  If a
6  Party files evidence under seal pursuant to Paragraph 10 of this Stipulation, all
7  papers that refer to or rely upon such evidence shall designate the particular aspects
8  that are confidential.  This will enable the Court, in drafting orders, to determine
9  whether there is evidence which the Court should attempt not to disclose.  Absent
10 such advance notification, the Court will be free to incorporate all such evidence in
11 its written and oral rulings.

12

13 In the event that the case proceeds to trial, all of the information filed
14 with the Court that was designated as Protected Material and/or Confidential
15 Information and Items becomes public and will be presumptively available to all
16 members of the public, unless sufficient cause is shown in advance of trial to
17 proceed otherwise.

18

19  4.  <u>DURATION</u>
20 Even after the termination of this litigation, the confidentiality
21 obligations imposed by this Order shall remain in effect until a Designating Party
22 agrees otherwise in writing or a court order otherwise directs.

23

24  5.  <u>DESIGNATING PROTECTED MATERIAL</u>
25  5.1  <u>Exercise of Restraint and Care in Designating Material for</u>
26 <u>Protection</u>.  Each Party or non-party that designates information or items for
27 protection under this Order must take care to limit any such designation to specific
28 material that qualifies under the appropriate standards.  If it comes to a Party's or a

1 non-party's attention that information or items that it designated for protection was
2 done so inadvertently, that Party or non-party must promptly notify all other parties
3 that it is withdrawing the mistaken designation.

4

5           5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise
6 provided in this Order (*see, e.g.*, section 2.8 above and second paragraph of
7 section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies
8 for protection under this Order must be clearly so designated before the material is
9 disclosed or produced.

10

11           Designation in conformity with this Order requires:

12

13           a.      <u>for information in documentary form</u> (apart from transcripts of
14 depositions ~~or other pretrial or trial proceedings~~ (**FFM**)), that the Producing Party
15 affix the legend "CONFIDENTIAL" and a meaningful description of the type of
16 information being protected (i.e., "CONFIDENTIAL – compensation plan" or
17 "CONFIDENTIAL – training material") by use of a watermark, or a label at the top,
18 bottom or right margin of each page that contains protected material or,
19 alternatively, on the first page of a multipage document, if the entire document is
20 protected.  If only a portion or portions of the material on a page qualifies for
21 protection, the Producing Party should endeavor to identify the protected portion, as
22 described above, if such dissection of the document can be reasonably achieved
23 without undue burden on the Designating Party.

24

25           A Party or non-party that makes original documents or materials
26 available for inspection need not designate them for protection until after the
27 inspecting Party has indicated which material it would like copied and produced.
28 During the inspection and before the designation, all of the material made available

for inspection shall be deemed Confidential Information or Items.  After the

inspecting Party has identified the documents it wants copied and produced, the

Producing Party must determine which documents, or portions thereof, qualify for

protection under this Order, then, before producing the specified documents, the

Producing Party must affix the legend "CONFIDENTIAL" and a meaning

description of the information protected by way of a watermark, or a label at the top,

bottom or right margin of each page that contains Protected Material, and

Confidential Information and Items.  If only a portion or portions of the material on

a page qualifies for protection, the Producing Party also should endeavor to identify

the protected portion(s) (*e.g.*, by making appropriate markings in the margins), if

such dissection of the document can be reasonably achieved without undue burden

on the Designating Party.

          b.    for testimony given in deposition ~~or in other pretrial or trial proceedings~~ **(FFM)**, that the Party or non-party offering or sponsoring, or giving the testimony identify on the record, before the close of the deposition, ~~hearing, or other proceeding~~ **(FFM)**, all protected testimony, and further specify any portions of the testimony that qualify as Confidential Information or Items.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the party or non-party that sponsors, offers, or gives the testimony reserves the right, during the time allocated for the witness to review and execute the deposition transcript, to identify the specific portions of the testimony as Confidential Information or Items.

      Transcript pages containing Protected Material and Confidential Information and Items must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" and a meaningful

description of the type information protected, as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

c.      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" and a meaningful description of the type of information being protected.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also should identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins), if such dissection of the document can be reasonably achieved without undue burden on the Designating Party.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as Confidential Information or Items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as Confidential Information or Items after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Challenges.  In the event of a dispute regarding the designation of confidential information, the procedure for obtaining a decision from the Court is set forth in Local Rule 37.  If the Parties wish to file the Joint Statement required by Local Rule 37 under seal, they must also file an application to do so pursuant to Local Rule 79 setting forth the reasons why the Joint Stipulation or portions thereof

should be filed under seal.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.2     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed, so long as the Party exercised reasonable diligence in doing so.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material and Confidential Information or Items that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material and Confidential Information and Items may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material and Confidential Information or Items must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

1            7.2        <u>Disclosure of Confidential Information or Items</u>.  Unless

2    otherwise ordered by the court or permitted in writing by the Designating Party, a

3    Receiving Party may disclose, after having given reasonable written notice to

4    Designating Party, any information or item designated as Confidential Information

5    or Items only to:

6    

7            7.2.1  the Receiving Party's Counsel in this action;

8    

9            7.2.2  the officers, directors, and employees of the Receiving

10   Party to whom disclosure is reasonably necessary for this litigation;

11   

12           7.2.3  experts (as defined in this Order) of the Receiving Party to

13   whom disclosure is reasonably necessary for this litigation and who have signed the

14   "Agreement to Be Bound by Protective Order" (Exhibit A);

15   

16           7.2.4  the Court and its personnel;

17   

18           7.2.5  court reporters, their staffs, and professional vendors to

19   whom disclosure is reasonably necessary for this litigation;

20   

21           7.2.6  during their depositions, witnesses in the action to whom

22   disclosure is reasonably necessary and who have signed the "Agreement to Be

23   Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony

24   or exhibits to depositions that reveal Protected Material and Confidential

25   Information and Items must be separately bound by the court reporter and may not

26   be disclosed to anyone except as permitted under this Stipulated Protective Order; or

27   

28

1          7.2.7  the author of the document or the original source of the

2    information.

3

4        8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED

5               PRODUCED IN OTHER LITIGATION

6          If a Receiving Party is served with a subpoena or an order issued in

7    other litigation that would compel disclosure of any information or items designated

8    in this action as Confidential Information or Items, the Receiving Party must so

9    notify the Designating Party, in writing (by fax, if possible) immediately and in no

10   event more than three court days after receiving the subpoena or order.  Such

11   notification must include a copy of the subpoena or court order.

12

13         The Receiving Party also must immediately inform in writing the party

14   who caused the subpoena or order to issue in the other litigation that some or all the

15   material covered by the subpoena or order is the subject of this Protective Order.  In

16   addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

17   promptly to the party in the other action that caused the subpoena or order to issue.

18

19         The purpose of imposing these duties is to alert the interested parties to

20   the existence of this Protective Order and to afford the Designating Party in this case

21   an opportunity to try to protect its confidentiality interests in the court from which

22   the subpoena or order issued.  The Designating Party shall bear the burdens and the

23   expenses of seeking protection in that court of its confidential material and nothing

24   in these provisions should be construed as authorizing or encouraging a Receiving

25   Party in this action to disobey a lawful directive from another court.

26

27

28

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material and Confidential Information and Items to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material and Confidential Information and Items, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   FILING PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

Prior to filing Protected Material and Confidential Information and Items in the public records, the moving Party shall seek to file the Protected Material and Confidential Information and Items under seal.  If a Party seeks to file Protected Material and Confidential Information and Items under seal, it shall comply with Local Rule 79.  Any such application must be made to the particular judge considering the mater to which the proposed under seal filing pertains, and must make an individualized and particular showing of good cause or compelling need, depending on the context.

11.   PRIVILEGED MATERIAL

The parties shall be permitted but not obligated to review materials for privilege and/or work product protection prior to producing them in this matter. Nothing in this Stipulated Protective Order compels a Party to produce Privileged Material protected by the attorney-client privilege or attorney work product

doctrine, and no Party entering into this Stipulated Protective Order waives its right to assert objections based on the attorney-client privilege or attorney work product doctrine, and refrain from producing such Privileged Material, unless such production is agreed to by the Parties or ordered by the Court.

If a Producing Party discovers that it has produced Privileged Material, it may notify the Receiving Party, which will promptly destroy or return all copies of such Privileged Material.  Furthermore, if the Receiving Party has already disclosed the Privileged Materials prior to receiving this notice, the Receiving Party must take reasonable steps to retrieve the materials or ensure their destruction. Unless otherwise agreed by the parties in writing, no party shall be permitted to retain Privileged Materials after receiving notification under this section, even if the parties dispute the privilege and/or work product status of the materials.  If the parties subsequently agree or the Court orders that such materials should be disclosed, the Producing Party will produce new copies of the materials.

        12.   <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material and Confidential Information and Items to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material and Confidential Information and Items. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material and Confidential Information and Items instead of returning it.  Whether the Protected Material and Confidential Information and Items is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to

the Designating Party) by the sixty-day (60) deadline that identifies (by category, where appropriate) all the Protected Material and Confidential Information and Items that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material and Confidential Information and Items.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material and Confidential Information and Items.  Any such archival copies that contain or constitute Protected Material and Confidential Information and Items remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13.    MISCELLANEOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by mutual agreement of the Parties or the Court in the future.  No modification made by the Parties shall have the force or effect of a Court order unless the Court approves the modification.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

13.3    Right to Challenge Admissibility.  No Party waives any right to object on any ground to use of any of the material covered by this Protective Order at trial, in evidence or otherwise.

1          **13.4**  <u>Right to Seek Additional Protective Treatment</u>.  Nothing in this

2    Order abridges the right of any person to seek additional protective treatment for

3    any Confidential Information or Items.

4

5          **13.5**  <u>Right to Injunctive Relief</u>.  Because the Designating Party's legal

6    remedies may be inadequate, the Parties agree that injunctive relief may be an

7    appropriate remedy to prevent any person or party from using or disclosing

8    Protected Material in violation of the Order.  In the event the Receiving Party, or

9    any other person or entity, violates or threatens to violate any of the terms of this

10   Order, the Parties agree that the Designating Party, with appropriate notice to the

11   Receiving Party, may apply the Court to obtain injunctive relief against any such

12   persons or parties violating or threatening to violate any of the terms of this Order.

13

14         IT IS SO ORDERED.

15

16   DATED:  January 4, 2012

17

18

19                              */S/* FREDERICK F. MUMM

20                                FREDERICK F. MUMM

                               United States Magistrate Judge

21

22

23

24

25

26

27

28

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE OBANDO, | Case No. 2:11-cv-8532-CAS-FFMX |
|                Plaintiff, | |
| | **CLASS ACTION** |
|    v. | *The Hon. Christina A. Snyder* |
| COUNTY OF LOS ANGELES, a California Municipality, | |
| | **Agreement to Be Bound by Protective Order** |
|          Defendant. | |

By signing this document, I hereby certify that I have read the Protective Order ("Order") in the above-captioned case.  I understand the responsibilities and obligations the Order imposes on persons viewing the material encompassed by the Order, and I agree to be bound by all of the provisions of the Order, so as to enable me to view the material encompassed by the Order.  I understand that any violation of the Order by me or anyone acting under my direction may subject me to penalties for contempt of Court and/or other relief sought by a party to the above-captioned matter.  I hereby consent to the personal and subject matter jurisdiction over me by the Court for purposes of enforcing my agreement here.


Dated: 

_____

Signature

_____

Name (Printed)